FILED
CLERK
11:46 am, Apr 08, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and LABOR
MANAGEMENT COOPERATION FUNDS,

     Petitioners,

   -against-

SABRE TILE CORP,

     Respondent.
----------------------------------------------------------X

MEMORANDUM OF
DECISION & ORDER
2:18-cv-02773 (ADS)(SIL)

**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Attorneys for the Petitioners*
40 Broad Street 7th Floor
New York, NY 10004
  By: Charles R. Virginia, Esq.,
    Nicole Marimon, Esq., Of Counsel.

**SPATT, District Judge**:

  The Petitioners—the Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship and Labor Management Cooperation Funds (the "Trustees" of the "Funds", or the "Petitioners")—commenced this action against the Respondent—Sabre Tile Corp. (the "Respondent")—alleging violations of Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3) and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. The Petitioners seek confirmation of an arbitration award issued against the Respondent, referred to herein as the "Arbitration Award." As the Respondent has failed to appear, the motion is unopposed. For the following reasons, the Court grants the motion to confirm the Arbitration Award.

1

# I. BACKGROUND

A. THE FACTUAL BACKGROUND.

Unless otherwise noted, the following undisputed facts are derived from the Petition.

The Respondent entered into a collective bargaining agreement with the United Brotherhood of Carpenters and Joiners of America (the "Agreement"). Under the Agreement, the Respondent agreed to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union.

The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). The Collection Policy sets the interest on delinquent contributions at 0.75% per month. Liquidated damages are set at 20% of the delinquent contributions and are calculated from the due date. In the event that an employer fails to remit contributions to the Funds, the Collection Policy stipulates that the matter be sent to arbitration before an arbitrator designated by the Funds.

A dispute arose when the Respondent failed to submit reports and contributions for October 2017 through January 2018 in the estimated amount of $58,596. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator.

An arbitration was held, upon due notice to the parties, before arbitrator J.J. Pierson. On March 12, 2018, the arbitrator held a hearing and rendered his award, in writing, determining said dispute. The arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $69,697.91, consisting of a principal deficiency of $58,596, interest of $662.51, liquidated damages of $8,789.40, attorneys' fees of $900, and the arbitrator's fee of $750 pursuant to the Agreement.

The Respondent's failure to abide by the terms of the Arbitration Award led to the filing of the instant action.

B. THE PROCEDURAL BACKGROUND.

The Petitioners filed this action on May 9, 2018. After the Respondent failed to appear or answer, the Petitioners filed a letter on October 10, 2018 requesting that the Court review the petition as a motion to confirm the Arbitration Award and deem it unopposed. To date, the Respondent has not opposed the instant motion or otherwise appeared in this case.

## II. DISCUSSION

A. THE LEGAL STANDARD.

"Arbitration awards are not self-enforcing ... they must be given force and effect by being converted to judicial orders by courts[.]" *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420, 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). However, judicial review of an arbitrator's award pursuant to a collective bargaining agreement is quite restricted. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 149 L.Ed. 2d 740 (2001); *see also Local 339 United Serv. Workers Union v. Advanced Ready Mix Carp.*, No. 12–CV–4811, 2013 WL 685447, at *2 (E.D.N.Y. Feb. 24, 2013) ("[A] court's review of an arbitration award is 'severely limited' so as not to frustrate the goals of arbitration—namely to settle disputes efficiently and avoid long and expensive litigation." (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997))).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "The

arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co., Inc.*, 462 F.3d at 110. "[A] barely colorable justification for the outcome reached" by the arbitrator is all that is necessary to confirm the award. *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal citations omitted). As long as "there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law," the award must not be disturbed. *Local 339 United Serv. Workers Union*, 2013 WL 685447, at *3; *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

If a respondent has failed to appear in a motion to confirm an arbitration award, the unanswered motion should be treated as an unopposed summary judgment motion. *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 Fed.Appx. 756, 760 (2d Cir. 2013); *D.H. Blair & Co., Inc.*, 462 F.3d at 109-10; *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H Blair & Co., Inc.*, 462 F.3d at 109).

Pursuant to Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Kwong v. Bloomberg*, 723 F.3d 160, 164-65 (2d Cir. 2013); *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

4

2510, 91 L.Ed. 2d 202 (1986). Mere conjecture, speculation, or conclusory statements are not enough to defeat summary judgment. *Kulak v. City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citations omitted). The "mere existence of a scintilla of evidence" is insufficient to defeat summary judgment. *Anderson*, 477 U.S. at 252.

In considering a summary judgment motion pursuant to Rule 56, the Court must "view the evidence in the light most favorable to the non-moving party ... and may grant summary judgment only when 'no reasonable trier of fact could find in favor of the nonmoving party.'" *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations omitted); *see also Doro v. Sheet Metal Workers' Int'l Ass'n*, 498 F.3d 152, 155 (2d Cir. 2007) (noting that in deciding a summary judgment motion, the court will "constru[e] the evidence in the light most favorable to the nonmoving party and draw[ ] all inferences and resolv[e] all ambiguities in favor of the nonmoving party"); *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (stating that in deciding a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." (internal citations omitted)).

It is not the Court's responsibility to resolve any purported issues of disputed facts, but merely to "assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (internal citations omitted); *accord Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (noting that the responsibility of the district court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" (quoting *Anderson*, 477 U.S. at 249)). "A genuine issue of fact for trial

exists when there is sufficient evidence on which a jury could reasonably find for the plaintiff." *Cioffi*, 444 F.3d at 162 (quoting *Anderson*, 477 U.S. at 252).

In an unopposed summary judgment motion, the Court is required to "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden ... then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (emphasis omitted).

**B. APPLICATION TO THE FACTS.**

The Court finds that there are no genuine issues of material fact and that the Petitioners are entitled to confirmation of the Arbitration Award.

The Funds have submitted evidence that the Respondent failed to make the required payments to the Funds between October 2017 through January 2018. It is undisputed that the arbitration proceeding was appropriate, and that the arbitrator acted within the scope of his authority. Pursuant to Article 2.3 of the Collection Policy, the Funds may seek arbitration after the delinquent contributions are not received within 20 days of notice. The Respondent was thus properly subject to arbitration once the Petitioners decided to move forward with the arbitration proceeding detailed in the Agreement.

The Arbitration Award issued by the arbitrator "drew its essence from the [Collection Policy]." *Trs. of Empire State Carpenters Annuity v. J. Careri Constr. Co.*, No. 14-CV-03325, 2016 WL 492145, at *2 (E.D.N.Y. Jan. 5, 2016) (citing *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62, 121 S. Ct. 462, 148 L.Ed. 2d 354 (2000)). Further, it is

6

undisputed that the Respondent owes the amount specified in the Arbitration Award. The Petitioners submitted the estimate provided in the delinquency notice and a copy of the Arbitration Award to validate the proper amount owed by the Respondent. As the Respondent failed to appear or oppose the motion, the record before the Court is devoid of evidence to suggest that the amount provided is incorrect. On the evidence presented, the Court concludes that there is more than a "barely colorable justification" for the Arbitration Award. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

The Petitioners also seek to recover attorneys' fees and costs for this action in the amount of $587.50. An award of attorneys' fees and costs is mandatory under 29 U.S.C. § 1132(g)(2), where, as here, multiemployer employee trust funds covered by ERISA initiate an action to recover delinquent contributions pursuant to a collective bargaining agreement. *New York State Teamsters Conf. Pension & Retirement Fund v. Boening Bros.*, 92 F.3d 127, 135 (2d Cir. 1996); *Sheet Metal Workers' Nat'l Pension Fund v. K & K Constr. of Queens County, Inc.*, 2010 U.S. Dist. LEXIS 140054 at *15 (E.D.N.Y. Nov. 8, 2010); *Masino v. Architectural Pavers Corp.*, 2009 U.S. Dist. LEXIS 126462 at * 9 (E.D.N.Y. Dec. 2, 2009); *Devito v. Hempstead China Shop*, 831 F. Supp. 1037, 1042 (E.D.N.Y. 1993). The Petitioners' request reflects a total of 0.5 hours of work for a total of $112.50 and $475 in expenses. As stated in the record, one associate attorney and a legal assistant worked on the instant case. The Petitioners' counsel requests an hourly rate of $225.00 for the associate attorney and an hourly rate of $100.00 for the legal assistant. The Court finds that such rates are reasonable. *See, e.g.*, *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Temperini Mech., Inc.*, No. 12 Civ. 05646, 2014 WL 4678025, at *3 (E.D.N.Y. Sept. 19, 2014); Gesualdi v. Giacomelli Tile Inc., No. 09-CV-0711, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010). The Petitioners request $475 for costs in the instant action. This request reflects only the types of costs that are compensable under ERISA, and the Court concludes that the amount

requested is reasonable. *See Trs. of Sheet Metal Workers' Int'l Ass'n Local Union No. 28 Benefit Funds v. J. & A. Contrs. Corp.*, No. 14-cv-4935 2014 WL 4733504, at *3 (S.D.N.Y. Sept. 4, 2014).

### III. CONCLUSION

For the reasons stated above, the Petitioners' motion to confirm the Arbitration Award is granted in its entirety. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED**:

Dated: Central Islip, New York

April 8, 2019

___/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge